```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA            :

          - v. -                    :     CONSENT SEIZURE ORDER

ARON CHERVIN, et al.,               :     10 Cr. 918 (RPP)

          Defendants.               :
- - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/10

WHEREAS, on or about October 7, 2010, a three-count indictment, 10 Cr. 918 (RPP), (the "Indictment") was filed in the United States District Court for the Southern District of New York charging ARON CHERVIN, ROBERT TERDJANIAN, a/k/a "Robik," a/k/a "Oleg Kamarine," a/k/a "Robert Vovk," VYACHESLAV DOBRER, a/k/a "Slava," HAROLD PINA, ROSS KUFLIK, MICHAEL LAMOND, VADIM CHERVIN, a/k/a "Vadik," GALINA VOVK, a/k/a "Valentina Babucea," VALIANTSINA LAHUN, LYNN BRAUNSTEIN, WILLIAM GIBBS, YURI ZELINSKY, LUBA GODIN, JUDSON DARIO JUST, BEAGY FRANCOIS, NATAN PEYSAKOV, MARTA ROMAN, and MILANA NIKHMAN, the defendants, with conspiracy to commit mail fraud and health care fraud, in violation of Title 18, United States Code, Section 1349 (Count One); conspiracy to disclose individually identifiable health information for commercial gain, personal advantage, and malicious harm, in violation of Title 18, United States Code, Section 371 (Count Two); and conspiracy to launder money, in violation of Title 18, United States Code, Section 1956(h) (Count Three);

WHEREAS, the Indictment contains allegations providing notice that the Government intends to seek forfeiture of certain

assets with respect to Counts One, Two, and Three;

WHEREAS, the Indictment alleges that the defendants and their co-conspirators operated Total Body Medical Diagnostics and Total Body Diagnostics (collectively, "Total Body") as part of the mail fraud and health care fraud conspiracy and that Total Body sold fraudulent billings for medical services and equipment for amounts exceeding $2.3 million;

WHEREAS, the Government contends that it has probable cause to believe that at least approximately $8,700.00 in funds traceable to Total Body were transferred to the account number ▇▇▇▇9552 held in the name of Montrose Medical Building, Inc. at JPMorgan Chase Bank, N.A. (the "Subject Account"), which funds are subject to seizure and forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A), (a)(1)(C), and (b); 982(a)(1)(A), (a)(7), and (b); and Title 21, United States Code, Section 853(f);

WHEREAS, Montrose Medical Building, Inc. wishes to voluntarily surrender $8,700.00 in U.S. currency (the "Seized Funds"), credited to the Subject Account, without prejudice to any claim to the funds that Montrose Medical Building, Inc. would otherwise be permitted to assert in connection with the forfeiture of the Seized Funds;

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED, by and between the United States, by its attorney Preet Bharara, United States Attorney for the Southern District of New

York, Michael D. Lockard, Assistant United States Attorney, of counsel, and Montrose Medical Building, Inc. by their counsel, Howard I. Bushin, Esq., that:

1. The Seized Funds shall be seized by the United States and shall promptly (in any event no later than close of business on first bank day following the so-ordering of this Stipulation and Order) be paid by Montrose Medical Building, Inc. to the United States Marshals Service ("USMS") (or its designee), Southern District of New York, and that the Seized Funds shall be a *substitute res* and held in the U.S. Seized Asset Depositary Fund, pending the outcome of this action.

2. Upon receiving a copy of this So-Ordered Stipulation and Order, the United States will promptly act to notify JPMorgan Chase Bank, N.A. in order to enable the making of deposits and payments of funds in the Subject Account by their account holders.

3. Montrose Medical Building, Inc. and its attorneys, are hereby barred from asserting any claims against the United States or any of its agents and employees (including, without limitation, the USMS, the Federal Bureau of Investigation ("FBI") and the United States Attorney's Office for the Southern District of New York ("USAO-SDNY")) in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the defendant accounts, including, without limitation, any claim that the United States did not have

probable cause to seize and/or forfeit the Seized Funds, that Montrose Medical Building, Inc. is a prevailing party, or that Montrose Medical Building, Inc. is entitled to attorneys' fees or any award of interest.

4.   Montrose Medical Building, Inc. represents that it is the sole owner of the Seized Funds, and further agrees to hold harmless the United States and any and all of its agents and employees (including, without limitation, ICE and the United States Attorney's Office for the Southern District of New York) from any and all claims, including, without limitation, third-party claims, in connection with or arising out of the United States' seizure, restraint, and/or constructive possession of the Seized Funds.

5.   The United States' agreement to and the Court's approval of this Stipulation and Order is expressly premised upon the truthfulness, accuracy, and completeness in every material part of the representations made by Montrose Medical Building, Inc. to the United States.

6.   The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

7.   This Stipulation and Order shall in no way be deemed an admission of culpability, liability, or guilt on behalf of Montrose Medical Building, Inc. or of the United States or any of their respective agents, officers or employees, past and

present.  Further, this Stipulation and Order shall in no way constitute any reflection upon the merits of the claims and defenses asserted respectively by the United States and Montrose Medical Building, Inc. with respect to the forfeitability of the Seized Funds.

8. Each party shall bear its own costs and attorneys' fees.

9. The signatories below represent that they are duly authorized to execute this stipulation on behalf of the parties hereto.

10. The signature pages of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____     11/15/2010
    Michael D. Lockard                DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    (212) 637-2193


MONTROSE MEDICAL BUILDING, INC.

By: _____     11-9-10
    Bruce Reimer
    [Title]

By: _____     11-9-10
    Howard I. Bushin, Esq.            DATE
    251 West 93rd Street
    New York, New York 10025
    (212) 749-5900
    Counsel for Montrose Medical Building, Inc.

SO ORDERED:

November 16, 2010

_____
HON. ROBERT P. PATTERSON
UNITED STATES DISTRICT JUDGE