UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA

    -against-

ARON CHERVIN, et al.,

    Defendants.

-------------------------------------------------X

MEMORANDUM OF
LAW IN SUPPORT OF
DEFENDANT'S MOTION
TO SUPPRESS
10 CR 918 (RPP)

## PRELIMINARY STATEMENT

This memorandum of law is submitted in support of defendant Michael Lamond's motion to suppress intercepted telephone conversations between him and Aron Chervin, whose telephone, (732) 668-2716, was the subject of electronic surveillance first authorized on May 6, 2010, and renewed on June 28, 2010, July 29, 2010 and September 8, 2010, pursuant to 18 U.S.C. §2518, etc. ("Title III"). Since Mr. Chervin was Mr. Lamond's client, their conversations were privileged, unless the government can establish that the conversations are exempt from the protection of the privilege on the basis of the crime-fraud exception to the privilege. The facts in support of the defendant's motion are as set forth in the supporting affirmation by his counsel, dated June , 2011 and the defendant's affidavit, dated May 27, 2011, and will not be repeated herein except to the extent necessary.

## ATTORNEY/CLIENT PRIVILEGE

"The attorney-client privilege is one of the oldest recognized privileges for confidential communications, Swidler & Berlin v. United States, 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998); see also United States v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989), one that for centuries has been part of the common law, in one form or another." In re Grand Jury Investigation, 399 F.3d 527, 530-31 (2d Cir. 2005).

"Today, the generally acknowledged purpose of the privilege is 'to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice (internal quotation marks omitted).'" Swidler, 524 U.S. at 403, 118 S.Ct. 2081 (quoting Upjohn Co. v. United States, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); see also In re John Doe, Inc., 18 F.3d 633, 635-36 (2d Cir. 1994) ('The purpose of the attorney-client privilege is to promote open communication between attorneys and their clients so that fully informed legal advice may be given'); Restatement (Third) of the Law Governing Lawyers § 68 cmt.c (2000) ("The rationale for the [attorney-client] privilege is that confidentiality enhances the value of client-lawyer communications and hence the efficacy of legal services.')." In re Grand Jury Investigation, supra, 399 F.3d, at 531.

In order to establish the application of the attorney-client privilege, the proponent must show:

> (1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or the legal adviser, (8) except the protection be waived... .

In re Richard Roe, Inc., 68 F.3d 38, 39-40 (2d Cir. 1995).[1]

### CRIME-FRAUD EXCEPTION

"The attorney-client privilege is not without its costs (citation omitted). [S]ince the privilege has the effect of withholding relevant information from the factfinder, it applies only where necessary to achieve its purpose." Fisher v.

---

[1] R.104 ("Preliminary Questions"), F.R.Ev., provides in relevant part, that..."preliminary questions concerning...the existence of a privilege...shall be determined by the court... ." R.501 ("General Rule") provides, in relevant part, that "[e]xcept as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person...shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." Finally, R.1101(c)

United States, 425 US, 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). The attorney-client privilege must necessarily protect the confidences of wrongdoers, but the reason for that protection – the centrality of open client and attorney communication to the proper functioning of our adversary system of justice – 'ceas[es] to operate at a certain point, namely, where the desired advice refers <u>not to prior wrongdoing</u>, but to <u>future wrongdoing</u>." 8 Wigmore, § 2298 p. 573 (emphasis in original); see also <u>Clark v. United States</u>, 289 US 1, 15, 53 S.Ct. 465 77 L.Ed. 993 (1933). It is the purpose of the crime-fraud exception to the attorney-client privilege to assure that the 'seal of secrecy', ibid., between lawyer and client does not extend to communications 'made for the purpose of getting advice for the commission of a fraud' or crime." (citation omitted). <u>United States v. Zolin</u>, 491 U.S. 554, 109 S.Ct. 2619, 105 L.Ed. 2d 469 (1989).

"A party seeking to overcome the attorney-client privilege with the crime-fraud exception must show that there is 'probable cause to believe that a crime or fraud ha[s] been committed and that the communications were in furtherance thereof.' <u>In re Grand Jury Subpoena Duces Tecum Dated September 15, 1983, 731 F.2d 1039 (2d Cir. 1984)</u>. This standard has been rephrased as requiring 'that a prudent person have a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and that the communications were in furtherance thereof.' <u>Id</u>." <u>In re John Doe, Inc.</u>, 13 F.3d 633, 637 (2d Cir. 1994).

## DISCUSSION

While the defendant acknowledges that the government minimized some conversations with his client, Aron Chervin, other conversations (Ex. I-1 to I-19) were intercepted in violation of the attorney/client privilege, presumably because the government will contend that these conversations were in furtherance of the fraud or other criminal conduct which the government was investigating.

However, that unilateral and untested contention has never been the subject of the judicial scrutiny which is required in order for this issue to be

---

("Applicability of Rules") provides, in relevant part ("Rule of privilege"), that "[t]he rules with respect to privileges applies at all stages of all actions, cases and proceedings"

resolved (supra, n.1, at p. 2), notwithstanding that on June 28, 2010, when the government sought extensions of authorization to intercept Mr. Chervin's telephone conversation, a judge determined that there was probable cause to believe that Mr. Lamond was participating in the fraud which was under investigation (Ex. C, D and E). There is no inevitable leap from that ex parte determination to a judicial finding of the application of the attorney/client privilege in an adversarial proceeding. While the former may have been necessary to the continued authorization to intercept Mr. Chervin's telephone conversations, it is irrelevant to the latter. A review of the intercepted conversations between Mr. Lamond and Aron Chervin (Ex. I-1 to I-19  ) demonstrate that there was no basis to distinguish between the intercepted conversations and those which were minimized since, during the intercepted conversations, Mr. Lamond is clearly providing legitimate legal services to his client by consulting with him concerning financing, no-fault collections and arbitrations.

What is required is that the Court examine each disputed conversation, putting the government to its burden of proof to overcome the lawyer/client privilege that has been sufficiently shown by the defendant to have existed.[2]

The government will inevitably fail in that effort. There is nothing in any of the conversations at issue themselves that gives any indication that they are related to the commission of a fraudulent act or any other offense.[3] All are on their face conversations between a lawyer and his client regarding legal advice in connection with their routine ongoing business transactions relating to no-fault insurance claims, and not to fraud or other unlawful conduct. In order to overcome the lawyer/client privilege, the government would have to show by other independent evidence how each of these conversations relate to a fraud or other criminal offense. The defendant is not aware of any such evidence.

---

[2] In United States v. Zolin, supra, the Court declined to consider "the quantum of proof necessary ultimately to establish the applicability of the crime-fraud exception."
[3] Citing R.104(a), F.R.Ev., Zolin held that the use of "materials that have determined to be privileged may not be considered in making the preliminary determination of the existence of a privilege."

- 4 -

Dated: New York, NY
      June 7, 2011

Respectfully submitted,

*/s/ Joel M. Stein*

Joel M. Stein. Esq.
Counsel for Michael Lamond
39 Broadway - Suite 2420
New York, NY 10006
(212) 344-8008